No. 27,457.

THE UNITED PIPE AND SUPPLY COMPANY, *Appellee,*
v. ROY NEEL, *Appellant.*

(260 Pac. 622.)

SYLLABUS BY THE COURT.

SALES—*Action for Breach—Damage for Nondelivery of Gas Pipe.* In an action
  for breach of a contract for the sale of gas and oil piping, the record ex-
  amined, and held that the award of damages was supported by substantial
  evidence.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opin-
ion filed November 5, 1927. Affirmed.

*Thomas E. Wagstaff* and *Jay W. Scovel,* both of Independence, for the ap-
pellant.
  *Thurman Hill* and *S. H. Piper,* both of Independence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:  This action arose out of a breach of contract con-
cerning the purchase and sale of a quantity of pipe. It appears that
in September, 1925, one Nathan J. Cohen, doing business under the
name of the United Pipe and Supply Company, purchased from the
defendant, Roy Neel, a supply of pipe for use in oil and gas wells,
which Neel was to deliver f. o. b. Dearing, Kan., within a reasonable
time. The agreed price was 16 cents per foot. Cohen made a pay-
ment of $300, and settlement was to be made in full when the pipe
was loaded on board cars and tallied.

Neel failed to deliver the pipe, and this action followed for the
recovery of the $300, and for damages for breach of contract.

On issues joined, the cause was tried before a jury which rendered
a verdict for plaintiff in the sum of $728, which the trial court re-
duced to $650 and entered judgment accordingly.

Defendant appeals, contending chiefly that the judgment in plain-
tiff's favor should not exceed the amount of the down payment, $300,
and that there was no evidence on which an award of damages can
stand.

It seems to us that even a cursory reading of the record refutes this
contention. Cohen showed that on two different occasions he lost a
sale of the pipe at 18 cents per foot because of defendant's de-

Sales, 35 Cyc. pp. 615 n. 20, 632 n. 19.

linquency, and there was testimony that the reasonable value of the pipe when it should have been delivered was 18 cents per foot. Defendant endeavored to show that these sales were lost because the pipe was not of the kind or quality the buyers desired. But the pipe which defendant sold and agreed to deliver was good pipe, of a kind and quality plaintiff's buyers would have accepted readily. The fact that plaintiff's prospective customers declined to buy other and inferior pipe which Cohen might have supplied was no defense to this action.

The judgment is affirmed.